UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PATRICIA RODGERS, JEFF RODGERS,
JENNIFER RIBALTA, IZAAR VALDEZ,
Individually and on Behalf of all Other
Similarly Situated,

    Plaintiffs,

v.

HERBALIFE INTERNATIONAL OF
AMERICA, INC.,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS FROM JORGE DE LA CONCEPCIÓN**

Pursuant to Fed. R. Civ. P. 37 and 45(a)(1)(D), Plaintiffs move to compel non-party Jorge de la Concepción ("Concepción") to comply with a third-party subpoena, which counsel accepted service of on July 16, 2019. Attached hereto as **Exhibit A** is a true and correct copy of that subpoena. For the reasons set forth below, Plaintiffs request that the Court order Concepción to provide the documents requested in Plaintiffs' subpoena.

**I.     INTRODUCTION**

This action involves a conspiracy between Defendant Herbalife and forty-five (45) of Herbalife's featured speakers (the "Featured Speakers") to con Plaintiffs and thousands of others to attend valueless and deceptive marketing events. Plaintiffs allege that Herbalife conspired with the Featured Speakers, using misrepresentation and deceit, to sell access to this series of emotionally manipulative live events. The Featured Speakers were previously named as defendants, but at their and Herbalife's request, were severed from this action and remain

defendants in an action pending in the Southern District of Florida.[1]  Since being severed from the action more than a year ago, the Featured Speakers have worked in concert with Herbalife to restrict Plaintiffs' access to key documents.  Concepción is one of the most prominent of the Featured Speakers, and this motion seeks to compel documents that he has unjustifiably (and willfully) failed to produce.

The specific and discrete categories of documents Plaintiffs seek are directly relevant to Plaintiffs' claims and are proportional to the needs of the case.  The documents requested relate to three relevant categories: event attendance and ticket purchases, event planning and participation, and the operation of subpoenaed witness' Herbalife business.  Those documents, if they exist, are in the possession and control of Concepción, are easily gathered and produced, and are highly relevant to the claims at issue. Concepción has refused to provide nearly all of the requested documents, claiming they are irrelevant to underlying case, vague and ambiguous, and overly burdensome to produce.  However, such boilerplate objections are improper and constitute a waiver of the objections to the discovery sought.  *See, e.g.*, *Pinkston v. Univ. of S. Florida Bd. of Trustees*, 8:18-CV-2651-T-33SPF, 2019 WL 4254471, at *2 (M.D. Fla. Sept. 9, 2019), *reconsideration denied*, 8:18-CV-2651-T-33SPF, 2019 WL 4540357 (M.D. Fla. Sept. 19, 2019), *and reconsideration denied*, 8:18-CV-2651-T-33SPF, 2019 WL 4581364 (M.D. Fla. Sept. 20, 2019); *see also Ctr. for Individual Rights v. Chevaldina*, 16-20905-CIV, 2017 WL 5905191, at *4 (S.D. Fla. Nov. 29, 2017). In fact, Concepción testified that he has made **no** efforts to produce

---

[1] That case is styled *Jeff Rodgers, et al. v. Herbalife, Ltd., et al.*, Case No.: 1:17-cv-23429-MGC and an issue of arbitrability is currently pending before the Eleventh Circuit.

responsive documents, and instead simply provided his attorneys his cell phone and access to a limited number of his online accounts.[2]

Plaintiffs have done everything in their power to obtain the documents and information sought without the need for judicial intervention. Despite numerous attempts to work with Concepción to address his objections, Concepción's counsel has made it abundantly clear that additional documents will not be produced absent court order. This motion seeks that order.

## II. PROCEDURAL HISTORY AND BACKGROUND

### a. Plaintiffs' Claim Against Herbalife

As alleged in the Amended Complaint, at dozens of events every year, Herbalife works closely with a cadre of Featured Speakers to sell the Herbalife "dream." Attached hereto as **Exhibit B** is a true and correct copy of the Amended Complaint. The events are heavily marketed and promoted, primarily through social media, and the speakers are prominently featured on pre-event literature. "You can be like us," the message goes, "come to our event and learn our secrets." In order to learn the true business "secrets" of the highest performing Herbalife distributors, tens of thousands of people purchase tickets to these events and hear a steady stream of purported Herbalife success stories spinning their yarns. At any one event, 20-30 top-level distributors may speak, and while the personal details may vary from speech to speech, the message is the same: Never miss an event and you can be rich like me. The Amended Complaint alleges that this narrative is a fiction. Instead, to the extent any of these Featured Speakers has achieved financial success (a dubious proposition at the outset), such success is achieved through breaking Herbalife's rules and the law rather than through the operation of a direct selling retail business.

---

[2] Concepción's deposition took place on November 14, 2019 and will be provided to the Court when the transcript becomes available.

The Amended Complaint alleges the specific methods employed by these Featured Speakers, including Concepción, are not revealed when the Featured Speakers are presenting their stories on stages around the country. The Amended Complaint alleges that some of these Featured Speakers are on the stage blatantly misrepresenting their Herbalife incomes.

Accordingly, the underlying Amended Complaint alleges violations of RICO and a conspiracy to commit these violations (Counts I and II), violations of California's Unfair Competition Law (UCL - Count III), and negligent misrepresentation (Count IV). With respect to the RICO counts (I and II), Plaintiffs have alleged — and intend to prove — that:

> With these acts, Defendants have collectively persuaded hundreds of thousands of victims to invest substantial sums into attending events which are held out as the secret to becoming financially successful in a fraudulent scheme to with Defendants know financial success is not possible.

Amended Compl. at ¶ 221.  And:

> Herbalife has a duty to disclose that increased event attendance does not led to increased success in Herbalife, and/or that Herbalife is unaware of any correlation between a distributor's event attendance and financial success.

*Id.* at ¶ 222.  And:

> As a direct and proximate result of the Defendants' pattern of racketeering activity, Plaintiff Class was injured in their business and property. Each Plaintiff was induced by reason of Defendant's misrepresentations, omissions, and blatant untruths – to surrender valuable consideration in order to participate in the inherently fraudulent scheme promoted by Herbalife's racketeering enterprise.

*Id.* at ¶ 225.

Featured Speakers such as Concepción are at the center of the alleged RICO enterprise and are key to its operation. The Herbalife event system includes a major event every month of the year: Success Training Seminars (STS), Leadership Development Weekends (LDW), January Kickoffs, and Extravaganzas.  STS events are run by the Featured Speakers and are supported with resources from Herbalife.  Concepción is a key participant and planner of the STS in Miami.  *Id.*

at ¶¶ 56, 76, 117, 128, 167. Information related to the Miami STS (an event attended by up to one thousand participants each month) such as attendance records, ticket sales, and event profits, are maintained by the Herbalife distributors responsible for the production of those events. According to Herbalife, Featured Speakers only report generalized attendance figures back to the company, although Concepción testified that he provided detailed records of the event attendees to Herbalife (none of which have been produced to date).

Featured Speakers, such as Concepción, are of central issue to this lawsuit and their operational records are critical to prosecuting this matter. In addition to running the local events, with Herbalife's contributions, Featured Speakers, like Concepción, speak at events around the country. Concepción is an active speaker appearing on stages across the country touting his extraordinary Herbalife success at the events that are the focus of this matter.

b. **Relevant Procedural History**

In September 2017, the Plaintiffs filed the Complaint in the United States District Court for the Southern District of Florida against Herbalife and forty-five (45) Featured Speakers, including Concepción. As a result of joint motions to compel arbitration and motions to transfer filed by Herbalife and the Featured Speakers, Judge Marcia Cooke severed the claims against Herbalife from the claims against the Featured Speakers. The claims against Herbalife were transferred to the Central District of California while the latter claims remain in the Southern District of Florida. Judge Cooke's denial of the Featured Speakers' motion to compel arbitration is pending disposition by the Eleventh Circuit Court of Appeals.

Almost a year ago, Plaintiffs began requesting documents from Herbalife directly related to the event system enterprise that forms the basis of this lawsuit, as well as Plaintiffs' damages flowing from the scheme. Given the fact that the allegations involve an enterprise and a conspiracy

with the dozens of Featured Speakers, including Concepción, Plaintiffs have also sought relevant documents from the Featured Speakers who are now considered third-party witnesses due to the bifurcation of the case.

On July 16, 2019, Concepción's counsel agreed to accept service of a subpoena, which was modified and served on September 4, 2019, seeking 28 categories of documents. A copy of that subpoena duces tecum is attached hereto as **Exhibit C** (the "Subpoena"). The documents sought relate to events, including (but not limited to) event planning, attendance, and production as well as documents related to Concepción's Herbalife business.

In response to the Subpoena, on October 28, 2019, Concepción served his responses and objections to the Subpoena (the "Response"). The Response is attached hereto as **Exhibit D.** Concepción's objections largely consist of improper boilerplate objections. Remarkably, each response was either a flat-out refusal to produce documents or inclusive of the following statement: "While Concepción may be amenable to producing certain documents responsive to this Request, he will not do so until Plaintiffs amend the Request."

The parties have conferred numerous times in an effort to resolve Concepción's boilerplate objections. On October 30, 2019, counsel laid out the precise basis for each request. Attached hereto as **Exhibit E** is a copy of that correspondence. It was ignored. A follow-up email was sent on November 4, 2019. That is attached as **Exhibit F**. Finally, that triggered a response, in which Concepción's counsel effectively stating that they stand on the objections. That email is attached as **Exhibit G**. The documents ultimately produced consist of an apparently random smattering of social media posts and emails. Concepción's counsel refuses to produce documents central to Plaintiffs' claims including, but not limited to, attendance lists, ticket sales records, gross revenues from ticket sales, easily obtainable upline/downline reports, and event presentations.

### III. LEGAL STANDARD

Courts in this District consider the following six factors in determining whether a subpoena is unduly burdensome:

> (1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the documents request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.

*Coleman v. Lennar Corp.*, 18-MC-20182, 2018 WL 3672251, at *4 (S.D. Fla. June 14, 2018) (quoting *Plouffe v. GEICO Gen. Ins. Co.*, No. 16-25145-Civ-COOKE/TORRES, 2017 WL 7796323, at *1-2 (S.D. Fla. Aug. 8, 2017)).

### IV. DISCUSSION

#### a. **The Court should overrule Concepción's objections because they are improper boilerplate objections.**

Concepción's counsel has taken the position that it is not their responsibility to assert individualized objections; rather, they argue that the onus is on Plaintiffs to craft a mutually agreeable request to begin discovery discussions. In reality, a non-party is "subject to the same obligations and scope of discovery under Rule 45 as if it were a party proceeding under Rule 34 and [] a failure to make particularized objections to document requests constitutes a waiver of those objections." *Chevaldina*, 2017 WL 5905191 at *4. "Courts in the Eleventh Circuit have also cautioned parties that boilerplate objections are borderline frivolous." *Coleman*, 2018 WL 3672251 at *3 (quoting *Steed v. EverHome Mortgage Co.*, 308 F. App'x 364, 371 (11th Cir. 2009)).

Here, Concepción has consciously chosen to stand on boilerplate objections rather than assert individualized objections. Concepción's counsel has also refused to confer in good faith to address any specific objections, instead advancing general and unsubstantiated concerns designed to avoid producing documents directly relevant to Plaintiffs' claims and that can be produced with minimal burden on Concepción. Under well-established circuit precedent, the Court should overrule all of Concepción's objections and compel Concepción to promptly produce responsive documents. *See, e.g.*, *Steed*, 308 F. App'x at 371.

      b. **The documents requested are directly relevant (and proportional) to Plaintiffs' claims.**

Plaintiffs need discovery from Featured Speakers, such as Concepción, because Herbalife is only one of the participants in the conspiracy alleged by Plaintiffs. The Featured Speakers, members of the alleged conspiracy and enterprise, are largely responsible for running local events such as STSs. They are the guest speakers at local and corporate events; distributing misleading information to rooms full of eager entrepreneurs. People like Concepción are the lure used to entrap and retain thousands of lower level distributors.

The Subpoena requests twenty-two (22) narrow categories of documents. Those requests can be divided into four categories: (a) event attendance and revenue; (b) presentation content; (c) information regarding Concepción's Herbalife business; and (d) social media advertising and promotion. Each category will be discussed individually.

> i. <u>Event Attendance and Revenue (Request Nos. 1, 2, 3, 4, and 12)</u>

The Subpoena seeks production of relevant event records through the following five requests:

- **Request No. 1:** All attendance lists in Your possession for any Events.

- **Request No. 2:** Any communications between you and Herbalife relating to attendance at Events including all documents relating to your transmission of Event attendance lists to Herbalife.

- **Request No. 3:** Any calendar You maintain to show Your attendance or participation in Events, Event planning, Event production, Event attendance, Event follow-up, or Event speaking engagements.

- **Request No. 4:** All Documents, including Communications, related to Events, Event planning, Event production, Event attendance, Event follow-up, or Event speaking engagements.

- **Request No. 12:** All Documents, including Communications, related to Events, Event planning, Event production, Event attendance, Event follow-up, or Event speaking engagements.

These five requests seek targeted information about the who, what, where, and how of event operation and management. Such documents are critical to understanding the scope and purpose of the enterprise, answering questions of common proof and injury, and establishing other class certification prerequisites.

The requests are proportional to the claims at issue in the case. Although Concepción has advanced a vague and unsubstantiated claim of undue burden, as further discussed below, Concepción has failed to meet his burden in proving the Subpoena is oppressive. Regardless, Plaintiffs have offered and remain ready and willing to confer with Concepción's counsel to address any <u>specific</u> and <u>substantiated</u> claims of undue burden once those claims are fairly articulated.

    ii. <u>Presentation Content (Request Nos. 5, 8, 15, and 16)</u>

The Subpoena seeks records regarding event presentations made and heard by Concepción through the following seven requests:

- **Request No. 5:** All documents related to any Event presentations made by You; including but not limited to slide decks, audio, video, photographs, and notes.

- **Request No. 8:** All documents You provided to Herbalife to substantiate any earnings claims You made at Events.

- **Request No. 15:** All videos from any Event during the Relevant Period.

- **Request No. 16:** All notes that You took at any Event You attended.

The "fraud" at issue in this case arises out of representations (and omissions) made at Events. These four categories of documents seek information about claims made by Concepción at Herbalife events – and the substantiation of those claims. If Concepción is unable to substantiate those claims, Plaintiffs have a right to know. These categories also seek to understand the role Herbalife played in Concepción's presentations to the putative class.

    iii. <u>Concepción's Herbalife business (Request Nos. 6, 7, 9, 10, 11, 17, 18, 19, 21, and 22)</u>

Next, the Subpoena also seeks records regarding the nature of Concepción's Herbalife business through the following eight requests:

- **Request No. 6:** A full lineage report, as available on myherbalife.com, showing the members of Your downline with current and historical purchasing activity.

- **Request No. 7:** Any transaction statements, summary and detailed royalty override statements, commission statements, net earnings, and payment summary statements, and other such reports available to You on the BizWorks software system.

- **Request No. 9:** All tax returns, including all schedules and attachments, that You filed for or on behalf of any entity in which You own an interest that recognized revenue for the sale of Event tickets.

- **Request No. 10:** All Documents sufficient to identify the existence, organization, and ownership of any entity through which You operate, or at any point have operated, Your Herbalife distributorship.

- **Request No. 11:** Copies of all business entity formation documents for any current or previous businesses owned, operated, or controlled by You which are, or were, related in any way to the sale of Event tickets; or to the production, promotion or facilitation of Events.

- **Request No. 17:** All video or audio recordings of any Team Conference Call which you hosted or in which you participated.

- **Request No. 18:** All Documents Related to Your promotion or discussion of any Team Conference Call.

- **Request No. 19:** Your Herbalife distributor agreement and all other contracts to which both You and Herbalife are parties.

- **Request No. 21:** All documents, including any financial records, sufficient to identify Your revenues, expenses, or earnings related to Your pursuit of the Herbalife business opportunity, including through the sale of Herbalife product.

- **Request No. 22:** Your tax returns for the years 2012 to 2017.

Plaintiffs have accused Herbalife and Concepción of conspiring to defraud the putative class. These documents seek information and documents regarding Concepción's specific Herbalife business which will shed light on the alleged conspiracy as well as the validity of the claims made by Concepción at events.

    iv.  Social Media (Request Nos. 13, 14, and 20)

Finally, the Subpoena seeks records regarding Concepción's promotion of events and the Herbalife business opportunity using social media through the following three requests:

- **Request No. 13:** All posts made by all participants in any private Facebook (or other social media) pages or groups in which You have participated where Event attendance was mentioned or discussed.

- **Request No. 14:** All posts to any group chat services (WhatsApp, Signal, Telegram, Facebook Messenger, Google Chat, etc.) that you have utilized to promote Events or the Herbalife business opportunity.

- **Request No. 20:** All social media posts created by You, or posted to Your accounts, that relate to Events or Event attendance.

Concepción, like other Featured Speakers, used social media to find a wide audience for his misleading messages about Herbalife and the Circle of Success event system. Concepción testified that social media is the primary tool via which he has built his event and Herbalife businesses. These three discrete categories seek documents directly related to Concepción's exploitation of social media in furtherance of the alleged scheme to defraud.

### c. Plaintiffs need the documents requested and they need them from Concepción.

Plaintiffs have spent months attempting to obtain some of the documents sought herein directly from Herbalife. After dozens of e-mails, multiple corporate representative depositions, motions to compel, and hours of good faith meet and confers with Herbalife's counsel, Herbalife has insisted that the majority of documents related to the STS are not maintained by Herbalife, but rather are in the control of individual Featured Speakers like Concepción.

### d. The time period covered by the request is reasonable.

The requests are temporally constrained to a narrow window between 2012 to 2017. Conduct from 2012 onward is directly relevant to Plaintiffs' allegations because this action alleges a pattern of wrongful activity, the seeds of which were planted before the lookback period of the applicable statute of limitations (which is 2013). Plaintiffs request to reach back to one year before the lookback period is reasonable and necessary.

### e. Concepción has failed to articulate any burden in complying with the Subpoena.

The burden of proving that a subpoena is oppressive is a heavy one. *See Amerisure Ins. Co. v. All County Drywall Serv., Inc.*, 12-CV-24454-UNGARO/TORRES, 2013 WL 12094848, at *2 (S.D. Fla. Oct. 24, 2013) ("This district has made clear that the 'party resisting discovery has a

heavy burden of showing why the requested discovery should not be permitted.'") (citations omitted); *see also Forrest Crompton v. 5–hour Energy*, 4:16-MC-00348 JAR, 2016 WL 4061881, at *3 (E.D. Mo. July 29, 2016).

Here, Concepción's burden objections are entirely boilerplate and conclusory. They are not supported by any evidence whatsoever. Furthermore, it is too late for Concepción to cure these errors. Courts have repeatedly made clear that merely reciting boilerplate objections to discovery requests results in waiver of those objections. *See, e.g., Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017); *Johnson v. Neiman*, No. 4:09CV0689 JCH, 2010 WL 3081472, at *1 (E.D. Mo. Aug. 5, 2010) (striking "unsubstantiated, boilerplate objections"); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 187 (N.D. Iowa 2017) ("[T]he idea that such general or 'boilerplate' objections preserve any objections is an 'urban legend.'"); *Sobol v. Imprimis Pharm.*, No. CV 16-14339, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017) ("boilerplate objections are legally meaningless and amount to a waiver of an objection"); *Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[B]oilerplate objections that a request for discovery is 'over[broad] and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts.").

Despite a lack of factual basis on which to assess Concepción's burden, Plaintiffs have attempted to reduce any burden by providing a list of search terms to narrow their request for

electronically-stored information – but Concepción has nevertheless refused to produce most relevant documents.

## V. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel production of the relevant documents requested in Plaintiffs' Third-Party Subpoena on Concepción, attached hereto **as Exhibit C**.

DATED: November 22, 2019

Respectfully submitted,

MARK MIGDAL & HAYDEN
80 SW 8th Street, Suite 1999
Miami, FL 33130
Telephone: (305) 374-0440
*ATTORNEYS FOR PLAINTIFFS*


By: *s/Etan Mark*
    Etan Mark, Esq.
    Florida Bar No.: 720852
    etan@markmigdal.com
    Yaniv Adar, Esq.
    Florida Bar No.: 63804
    yaniv@markmigdal.com

## **SERVICE LIST**

PATRICIA RODGERS, ET AL.,
v.

HERBALIFE INTERNATIONAL OF
AMERICA, INC.,

Mark T. Drooks, Esq.
mdrooks@birdmarella.com
Paul S. Chan, Esq.
pchan@birdmarella.com
Gopi K. Panchapakesan, Esq.
gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Defendant Herbalife International of America, Inc.*


Michael S. Catlett, Esq.
michael.catlett@quarles.com
Edward A. Salanga, Esq.
edward.salanga@quarles.com
Kevin D. Quigley, Esq.
kevin.quigley@quarles.com
Brian A. Howie, Esq.
brian.howie@quarles.com
Zachary Scott Foster, Esq.
zachary.foster@quarles.com
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ  85004−2391
Telephone: (606) 229−5200

*Attorneys for Defendants Jorge de la Concepcion and Disney de la Concepcion*