# EXHIBIT "D"

1

Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

2

3

4     Attorneys for Non-Party Jorge de la Concepcion

5     Kevin D. Quigley
      kevin.quigley@quarles.com
6     Edward A. Salanga
      edward.salanga@quarles.com
7     Brian A. Howie
      brian.howie@quarles.com
8     Michael S. Catlett
      michael.catlett@quarles.com

9

10              IN THE UNITED STATES DISTRICT COURT

11         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13    Rodgers, et al.,                    Case No. 2:18-cv-07480-JAK (MRWx)

14              Plaintiffs,               **NON-PARTY JORGE DE LA
                                          CONCEPCION'S RESPONSES AND
15          vs.                           OBJECTIONS TO THIRD-PARTY
                                          SUBPOENA**
      Herbalife Ltd., et al.,

16              Defendants.

17

18          Non-Party Jorge de la Concepcion ("Concepcion"), by and through his

19    undersigned counsel, hereby responds and/or objects to the Subpoena to Produce

20    Documents, served on him in the above-referenced action (the "Subpoena").

21                          **GENERAL OBJECTIONS**

22          1.     Concepcion objects to the Subpoena insofar as it seeks documents that

23    are outside of the discovery requirements imposed by the Federal Rules of Civil

24    Procedure, the local rules for the Central District of California and the Middle District

25    of Florida, and the Court's orders in the litigation.

26          2.     Concepcion objects to the Subpoena to the extent that a document is

27    requested in more than one request, on the grounds that such requests are duplicative,

28    and that the production of such documents more than once would be burdensome and

oppressive.  A document described in, or responsive to, more than one request will be produced only once, but such production shall be deemed to have been made under all requests.

3.     Concepcion objects to the Subpoena to the extent that it seeks production of documents protected from discovery by the attorney-client privilege, the work product doctrine, the consulting expert exemption, the common-interest exemption, and any other applicable privilege or exemption.

4.     Concepcion objects to the Subpoena to the extent that it seeks confidential, proprietary business or financial information of Concepcion and/or third parties.

5.     Concepcion objects to the Subpoena insofar as it seeks documents not within Concepcion's possession, custody, or control.

6.     Concepcion objects to the Subpoena insofar as it seeks documents that are already in the possession, custody or control of the Plaintiffs or Defendants in the litigation.

7.     Concepcion objects to the Subpoena insofar as it seeks documents that may be obtained from another source that is more convenient, less burdensome or less expensive.

8.     Concepcion objects to the Subpoena insofar as the requests therein assume the existence of the documents requested.  Concepcion's objections to any of the requests shall not constitute a representation that any such document exists.

9.     Concepcion objects to the Subpoena because it does not give Concepcion sufficient time to inquire about and respond thereto.  The Subpoena requires production on November 15, 2019.  It may be impractical and unduly burdensome for Concepcion to locate, review and prepare for production of the materials requested by that date, particularly in light of the overbreadth of the Subpoena.

10.     Concepcion objects to the Subpoena to the extent that it could be read

as requiring him to search for, restore and produce ESI that is not reasonably accessible. Concepcion objects to searching for any data or ESI that is not reasonably accessible, including data stored on backup tapes, inactive or deleted ESI, or file fragments.

11.    Concepcion objects to the Subpoena in that its definitions are drafted in a way that is unduly burdensome and overly broad in several respects. For example, the term "YOU" is defined in a way to include many entities and individuals outside of Concepcion's control. The Subpoena's definition of "ELECTRONIC RECORD(S)" and "ESI" in relation to ESI is also overly broad and unduly burdensome, particularly to the extent that it would require Concepcion to search for, restore and produce documents and ESI in a form and manner that would impose unreasonable costs on Concepcion.

12.    Concepcion objects to the Subpoena on grounds that it is overbroad with respect to the scope of the relevant time period. The subpoena purports to require Concepcion to produce documents spanning a period of over eight years, from January 1, 2011 to present. The time period covered goes well beyond any statute of limitations or allowable class period. While Concepcion may be amenable to producing certain documents responsive to the Subpoena, he will not do so until Plaintiffs amend the Subpoena to include a more narrow time period.

**RESPONSES TO SCHEDULE OF DOCUMENTS TO BE PRODUCED**

1.    All attendance lists in Your possession for any Events.

**Response:** Concepcion objects to Request No. 1 on grounds that it is vague as to the term "attendance list." Concepcion further objects to Request No. 1 as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation. For example, the Request seeks "attendance lists" relating to events without regard to whether such communications have anything whatsoever to do with the claims and defenses in the litigation. While Concepcion may be amenable to producing certain documents responsive to this

1    Request, he will not do so until Plaintiffs amend the Request.

2        2.      Any communications between you and Herbalife relating to attendance

3    at Events including all documents relating to your transmission of Event attendance

4    lists to Herbalife.

5        **Response**:  Concepcion objects to Request No. 2 on grounds that it is vague

6    as to the term "attendance lists." Concepcion further objects to Request No. 2 as being

7    overly broad in that it seeks the production of documents that have no relevance to

8    the claims and defenses in the litigation.  For example, the Request seeks all

9    communications relating to event attendance without regard to whether such

10   communications have anything whatsoever to do with the claims and defenses in the

11   litigation.  Concepcion further objects to this Request on grounds that it is not

12   proportional to the needs of the case.  While Concepcion may be amenable to

13   producing certain documents responsive to this Request, he will not do so until

14   Plaintiffs amend the Request.

15       3.      Any calendar You maintain to show Your attendance or participation in

16   Events, Event planning, Event production, Event attendance, Event follow-up, or

17   Event speaking engagements.

18       **Response**:    Concepcion objects to Request No. 3 as duplicative and

19   incorporates by reference the objections he raised in his Responses and Objections to

20   Third-Party Subpoena served on August 5, 2019. Concepcion further objects on

21   grounds that it is vague as to the terms "Event planning," "Event production," "Event

22   attendance," "Event follow-up," and "Event speaking engagements."  Concepcion

23   further objects to Request No. 3 as being overly broad in that it seeks the production

24   of documents that have no relevance to the claims and defenses in the litigation.  For

25   example, the Request seeks all calendar entries about any event attendance or

26   participation without regard to whether such entries have anything whatsoever to do

27   with the claims and defenses in the litigation.  While Concepcion may be amenable

28   to producing certain documents responsive to this Request, he will not do so until

Plaintiffs amend the Request.

4.    All Documents, including Communications, related to Events, Event planning, Event production, Event attendance, Event follow-up, or Event speaking engagements.

**Response**:    Concepcion objects to Request No. 4 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion further objects to the Request on grounds that it is vague as to the terms "Event planning," "Event Production," "Event attendance," "Event follow-up," and "Event speaking engagements." Concepcion further objects to the Request as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.   For example, the Request seeks all documents and communications about events without regard to whether such communications have anything whatsoever to do with the claims and defenses in the litigation.  Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and search all documents and ESI that are potentially responsive to this Request.  Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case.  While Concepcion may be amenable to producing certain documents responsive to this Request, he will not do so until Plaintiffs amend the Request.

5.    All documents related to any Event presentations made by You; including but not limited to slide decks, audio, video, photographs, and notes.

**Response**:    Concepcion objects to Request No. 5 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.  For example, the Request seeks "all documents" related to all event presentations Concepcion has made during the

last eight years without regard to whether such documents or presentations have anything whatsoever to do with the claims and defenses in the litigation. Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and search all documents that are potentially responsive to this Request. Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case. While Concepcion may be amenable to producing certain documents responsive to this Request, he will not do so until Plaintiffs amend the Request.

6.      A full lineage report, as available on myherbalife.com, showing the members of Your downline with current and historical purchasing activity.

**Response**:      Concepcion objects to Request No. 6 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request on grounds that it is vague as to the terms "lineage report" and "current and historical purchasing activity." Concepcion further objects to the Request as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation. Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case. Concepcion further objects to this Request on grounds that the Request infringes upon the privacy rights of members in that it seeks production of their confidential identifying information. Concepcion further objects to the Request on grounds that it is tantamount to asking for a class list prior to certification, which is an improper and premature request at this time. Based on the foregoing objections, Concepcion will not produce documents responsive to this Request.

7.      Any transaction statements, summary and detailed royalty override statements, commission statements, net earnings and payment summary statements, and other such reports available to You on the BizWorks software system.

**Response**:  Concepcion objects to Request No. 7 on grounds that it is vague

as to the term "other such reports."  Concepcion further objects to Request No. 7 as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.  Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case.  Concepcion further objects to this Request on grounds that the Request infringes upon the privacy rights of members in that it seeks production of their confidential identifying information.  Concepcion further objects to the Request on grounds that it is tantamount to asking for a class list prior to certification, which is an improper and premature request at this time. Concepcion further objects to this Request on grounds that responsive documents are likely to contain confidential financial information. Based on the foregoing objections, Concepcion will not produce documents responsive to this Request.

8.     All documents You provided to Herbalife to substantiate any earnings claims You made at Events.

**Response:**   Concepcion objects to Request No. 8 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request on grounds that it is vague as to the terms "substantiate," "earnings claims," and "made."  Concepcion further objects to the Request as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.  For example, the Request seeks "all documents" to substantiate any earnings claim without regard to whether any such earnings claim or event is the basis for those actions has anything whatsoever to do with the claims and defenses in the litigation.  Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to review all statements made at every event and collect and search all documents that are potentially responsive to this Request.  Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case.  While Concepcion may be amenable to

1  producing certain documents responsive to this Request, he will not do so until
2  Plaintiffs amend the Request.

3          9.       All tax returns, including all schedules and attachments, that You filed
4  for or on behalf of any entity in which You own an interest that recognized revenue
5  for the sale of Event tickets.

6          **Response:**   Concepcion objects to Request No. 9 as duplicative and
7  incorporates by reference the objections he raised in his Responses and Objections to
8  Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request
9  as being overly broad in that it seeks the production of documents that have no
10  relevance to the claims and defenses in the litigation.  Entity tax returns have no
11  relevance whatsoever to the claims Plaintiffs assert against Herbalife in the litigation.
12  Concepcion further objects to this Request on grounds that it is not proportional to
13  the needs of the case.  Concepcion further objects to this Request on grounds that
14  responsive documents are likely to contain confidential financial information.  Based
15  on the foregoing objections, Concepcion will not produce documents responsive to
16  this Request.

17          10.      All Documents sufficient to identify the existence, organization, and
18  ownership of any entity through which You operate, or at any point have operated,
19  Your Herbalife distributorship.

20          **Response:**   Concepcion objects to Request No. 10 as duplicative and
21  incorporates by reference the objections he raised in his Responses and Objections to
22  Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request
23  on grounds that it is vague as to the terms "sufficient to identify." Concepcion further
24  objects to Request No. 10 as being overly broad in that it seeks the production of
25  documents that have no relevance to the claims and defenses in the litigation.
26  Whether Concepcion has operated his Herbalife distributorship through a business
27  entity has no relevance whatsoever to the claims Plaintiffs assert against Herbalife in
28  the litigation.  Concepcion further objects to this Request on grounds that it is not

proportional to the needs of the case.  Based on the foregoing objections, Concepcion will not produce documents responsive to this Request.

11.   Copies of all business entity formation documents for any current or previous businesses owned, operated, or controlled by You which are, or were, related in any way to the sale of Event tickets; or to the production, promotion or facilitation of Events.

**Response**:   Concepcion objects to Request No. 11 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request on grounds that it is vague as to the terms "business entity formation documents," "owned, operated or controlled" and "production, promotion, or facilitation." Concepcion further objects to Request No. 11 as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.  Business entity formation documents for entity's owned or controlled by Concepcion have no relevance whatsoever to the claims Plaintiffs assert against Herbalife in the litigation.  Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and search all documents that are potentially responsive to this Request.  Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case. Based on the foregoing objections, Concepcion will not produce documents responsive to this Request.

12.   Documents sufficient to identify any bank or merchant accounts utilized by You Relating to Your operation of, or participation in, Herbalife Events.

**Response**:   Concepcion objects to Request No. 12 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request on grounds that it is vague as to the terms "sufficient to identify," "related to," "merchant accounts," and "operation of or participation in."  Concepcion further

objects to the Request as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation. Documents identifying Concepcion's bank accounts have no relevance whatsoever to the claims Plaintiffs assert against Herbalife in the litigation.  Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and search all documents that are potentially responsive to this Request.  Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case.  Concepcion further objects to this Request on grounds that responsive documents are likely to contain confidential financial information.  Based on the foregoing objections, Concepcion will not produce documents responsive to this Request.

13.   All posts made by all participants in any private Facebook (or other social media) pages or groups in which You have participated where Event attendance was mentioned or discussed.

**Response:**   Concepcion objects to Request No. 13 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to Request No. 13 on grounds that it is vague as to the terms "participants," "participated," and "mentioned or discussed."  Concepcion further objects to the Request as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.  For example, the Request seeks "all posts" about events without regard to whether such communications have anything whatsoever to do with the claims and defenses in the litigation.  Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and search all documents that are potentially responsive to this Request.  Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case.  While Concepcion may be amenable to producing certain documents responsive to this Request, he will not do so until Plaintiffs amend the Request.

10

14.   All posts to any group chat services (WhatsApp, Signal, Telegram, Facebook Messenger, Google Chat, etc.) that you have utilized to promote Events or the Herbalife business opportunity.

**Response**:   Concepcion objects to Request No. 14 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request on grounds that it is vague as to the terms "group chat services" and "utilized to promote." Concepcion further objects to the Request as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.  For example, the Request seeks "all posts" to various chat services without regard to whether such communications have anything whatsoever to do with the claims and defenses in the litigation.  Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and search all documents that are potentially responsive to this Request.  Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case.  While Concepcion may be amenable to producing certain documents responsive to this Request, he will not do so until Plaintiffs amend the Request.

15.   All videos from any Event during the Relevant Period.

**Response**:   Concepcion objects to Request No. 15 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.  For example, the Request seeks "all videos" about events without regard to whether such records have anything whatsoever to do with the claims and defenses in the litigation.  Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and search all documents that are potentially responsive to this Request.  Concepcion further objects to this Request on grounds that it is not

1   proportional to the needs of the case.   While Concepcion may be amenable to

2   producing certain documents responsive to this Request, he will not do so until

3   Plaintiffs amend the Request.

4          16.   All notes that You took at any Event You attended.

5          **Response**:   Concepcion objects to Request No. 16 as duplicative and

6   incorporates by reference the objections he raised in his Responses and Objections to

7   Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request

8   as being overly broad in that it seeks the production of documents that have no

9   relevance to the claims and defenses in the litigation.  For example, the Request seeks

10  "all notes" taken at any event without regard to whether such records have anything

11  whatsoever to do with the claims and defenses in the litigation.  Concepcion further

12  objects to this Request on grounds that it is unduly burdensome in that it would

13  require many hours to collect and search all documents that are potentially responsive

14  to this Request.  Concepcion further objects to this Request on grounds that it is not

15  proportional to the needs of the case.   While Concepcion may be amenable to

16  producing certain documents responsive to this Request, he will not do so until

17  Plaintiffs amend the Request.

18         17.   All video or audio recordings of any Team Conference Call which you

19  hosted or in which you participated.

20         **Response**:   Concepcion objects to Request No. 17 as duplicative and

21  incorporates by reference the objections he raised in his Responses and Objections to

22  Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request

23  on grounds that it is vague as to the terms "team conference call" "hosted," and

24  "participated."  Concepcion further objects to Request No. 17 as being overly broad

25  in that it seeks the production of documents that have no relevance to the claims and

26  defenses in the litigation.   For example, the Request seeks "all video or audio

27  recordings" without regard to whether such recordings have anything whatsoever to

28  do with the claims and defenses in the litigation.  Concepcion further objects to this

Request on grounds that it is unduly burdensome in that it would require many hours to collect and review all recordings and collect and search all documents that are potentially responsive to this Request. Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case. While Concepcion may be amenable to producing certain recordings or communications responsive to this Request, he will not do so until Plaintiffs amend the Request.

18.    All Documents Related to Your promotion or discussion of any Team Conference Call.

**Response**: Concepcion objects to Request No. 18 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request on grounds that it is vague as to the terms "team conference call" "promotion," and "discussion." Concepcion further objects to Request No. 18 as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation. For example, the Request seeks all documents relating to the promotion or discussion of team conference calls without regard to whether such documents have anything whatsoever to do with the claims and defenses in the litigation. Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and review all recordings and collect and search all documents that are potentially responsive to this Request. Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case. While Concepcion may be amenable to producing certain recordings or communications responsive to this Request, he will not do so until Plaintiffs amend the Request.

19.    Your Herbalife distributor agreement and all other contracts to which both You and Herbalife are parties.

**Response**: Concepcion objects to Request No. 19 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to

Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request on grounds that it is vague as to the term "all other contracts."  Concepcion further objects to Request No. 19 as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation. Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case.  While Concepcion may be amenable to producing certain recordings or communications responsive to this Request, he will not do so until Plaintiffs amend the Request.

20.    All social media posts created by You, or posted to Your accounts, that relate to Events or Event attendance.

**Response**:    Concepcion objects to Request No. 20 as duplicative and incorporates by reference the objections he raised in his Responses and Objections to Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request on grounds that it is vague as to the terms "social media posts" "relate to," and "event attendance."  Concepcion further objects to Request No. 20 as being overly broad in that it seeks the production of documents that have no relevance to the claims and defenses in the litigation.  For example, the Request seeks all social media posts about events without regard to whether such documents have anything whatsoever to do with the claims and defenses in the litigation.  Concepcion further objects to this Request on grounds that it is unduly burdensome in that it would require many hours to collect and review all recordings and collect and search all documents that are potentially responsive to this Request.  Concepcion further objects to this Request on grounds that it is not proportional to the needs of the case.  While Concepcion may be amenable to producing certain recordings or communications responsive to this Request, he will not do so until Plaintiffs amend the Request.

21.    All documents, including any financial records, sufficient to identify Your revenues, expenses, or earnings related to Your pursuit of the Herbalife business opportunity, including through the sale of Herbalife product.

1     **Response**: Concepcion objects to Request No. 21 as duplicative and

2 incorporates by reference the objections he raised in his Responses and Objections to

3 Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request

4 on grounds that it is vague as to the terms "financial records," "revenues," "expenses,"

5 "earnings," "related to your pursuit of the Herbalife business opportunity."

6 Concepcion further objects to Request No. 21 as being overly broad in that it seeks

7 the production of documents that have no relevance to the claims and defenses in the

8 litigation. Concepcion's financial records have no relevance whatsoever to the claims

9 Plaintiffs assert against Herbalife in the litigation. Concepcion further objects to this

10 Request on grounds that it is unduly burdensome in that it would require many hours

11 to collect and search all documents that are potentially responsive to this Request.

12 Concepcion further objects to this Request on grounds that it is not proportional to

13 the needs of the case. Concepcion further objects to this Request on grounds that

14 responsive documents are likely to contain confidential financial information. Based

15 on the foregoing objections, Concepcion will not produce documents responsive to

16 this Request.

17     22.    Your tax returns for the years 2012 to 2017.

18     **Response**: Concepcion objects to Request No. 22 as duplicative and

19 incorporates by reference the objections he raised in his Responses and Objections to

20 Third-Party Subpoena served on August 5, 2019. Concepcion objects to the Request

21 as being overly broad in that it seeks the production of documents that have no

22 relevance to the claims and defenses in the litigation. Concepcion's tax returns have

23 no relevance whatsoever to the claims Plaintiffs assert against Herbalife in the

24 litigation. Concepcion further objects to this Request on grounds that it is not

25 proportional to the needs of the case. Concepcion further objects to this Request on

26 grounds that responsive documents are likely to contain confidential financial

27 information. Based on the foregoing objections, Concepcion will not produce

28 documents responsive to this Request.

DATED this 28th day of October, 2019.

QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391

By   _/s/   Michael S. Catlett_
    Kevin D. Quigley
    Edward A. Salanga
    Brian A. Howie
    Michael S. Catlett

*Attorneys for Non-Party Jorge de la
Concepcion*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2019, a copy of the foregoing document was sent by electronic mail to the following individuals:

Etan Mark
Donald Hayden
Yaniv Adar
Jason Jones
*Counsel for Plaintiffs*

Mark Drooks
Gopi Panchapakesan
*Counsel for Defendants*

_/s/      Michael S. Catlett_