| | |
|---|---|
| **From:** | Catlett, Michael S. |
| **To:** | Jennifer Jones |
| **Cc:** | Etan Mark; Yaniv Adar; Jason Jones; Mark T. Drooks; Gopi K. Panchapakesan; Paul S. Chan; Salanga, Edward; Howie, Brian A.; Foster, Zachary S.; Wittman, Julia; Victoria Pantin; Quigley, Kevin |
| **Subject:** | RE: Responses to Objections: Top Distributor Deposition Subpoena RFPs [QBLLP-ACTIVE.FID39429067] |
| **Date:** | Thursday, November 7, 2019 1:00:07 AM |

Jennifer,

Our responses are below in red.

Best,

Mike



**Michael Catlett** / Partner

Michael.Catlett@quarles.com / LinkedIn BIO vCard

**Quarles & Brady LLP**

Renaissance One, Two North Central Avenue / Phoenix, AZ 85004-2391

**Office** 602-229-5279 / **Cell** 602-616-4363 / quarles.com

**Assistant** Debbie Hitchens 602-230-5518


**From:** Jennifer Jones <jennifer@jenniferjoneslaw.com>
**Sent:** Wednesday, October 30, 2019 12:17 PM
**To:** Catlett, Michael S. (PHX x3279) <michael.catlett@quarles.com>; Quigley, Kevin D. (PHX x3433) <Kevin.Quigley@quarles.com>
**Cc:** Etan Mark <Etan@markmigdal.com>; Yaniv Adar <yaniv@markmigdal.com>; Jason Jones <jason@jonesatlaw.com>; Mark T. Drooks <mdrooks@birdmarella.com>; Gopi K. Panchapakesan <gpanchapakesan@birdmarella.com>; Paul S. Chan <pchan@birdmarella.com>; Salanga, Edward A. (PHX x3422) <Edward.Salanga@quarles.com>; Howie, Brian A. (PHX x3405) <brian.howie@quarles.com>; Foster, Zachary S. (TPA x5273) <Zachary.Foster@quarles.com>; Wittman, Julia (MKE x1331) <Julia.Wittman@quarles.com>; Victoria Pantin <victoria@markmigdal.com>; Jennifer Jones <jennifer@jenniferjoneslaw.com>
**Subject:** Responses to Objections: Top Distributor Deposition Subpoena RFPs

Mike,

Your general and specific objections have been received. Noting that you have given the same response for each of the Third Parties, we respond collectively, but as to each, below. As I've noted before, we are happy to get on the phone to meet and confer on any specific concerns you may have to ensure we can move forward promptly without judicial intervention. Notwithstanding the objections, we still need deposition dates for the witnesses. While we hope to proceed with the

depositions with the documents, at a minimum, we would like to get the depositions set on mutually agreeable dates. Please immediately provide those dates. If we need to proceed with their depositions and seek leave of court to recall them after the resolution of a motion to compel, we'll do that.

We are responding regarding your clients' numerous deposition requests under separate cover.  I should note, however, that we object to any attempt to depose our clients more than once, in connection with this litigation or any other future litigation.  We have repeatedly explained why your subpoena requests are overbroad, call for the production of irrelevant material, and impose a burden on third parties that is disproportionate to the needs of the case.  If you proceed with any deposition, including of Mr. de la Concepcion next week, in the face of those objections and although you apparently plan to file a motion to compel, we will not permit our clients to be re-deposed absent court order.

Responses to Specific Objections:

1. "Attendance list" refers to any list or log of event attendees within the Third Party's custody or control. Examples include: ticket purchase pre-sale lists, online registration lists (including qualification volumes), at the door Event registration sign-in lists, post-event lists maintained or sent to Herbalife. The request is specific to the Success Training Seminar; Plaintiffs are not requesting attendee lists for Herbalife hosted corporate Events.

You have not explained how the lists requested are relevant to the claims and defenses pending in the California action.  In fact, at this time, there are no claims pending in the California action.  To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced (with redactions to protect the identity of third-party attendees).  Otherwise, we stand on our objections.

2. Plaintiffs seek the communications between the Third Party and Herbalife regarding attendance figures or participation levels at local STS events to which the Third Party has any involvement.

You have not explained how such communications are relevant to the claims and defenses pending in the California action.  In fact, at this time, there are no claims pending in the California action.  To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced (with redactions to protect the identity of third-party attendees).  Otherwise, we stand on our objections.

3. Numerous Third Parties make frequent on-stage references to keeping detailed event calendars which includes all the events that they attend as well as all of the events at which they speak, participate, or organize. Plaintiffs request production of those highly relevant calendars.

You have not explained how such calendars are relevant to the claims and defenses pending in the California action.  In fact, at this time, there are no claims pending in the California action.  To the

extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced (with redactions to protect the identity of third-party attendees).  Otherwise, we stand on our objections.

4. The operation and control exerted by Third Parties over the Circle of Success event system goes to the heart of Plaintiffs' case against Herbalife. Plaintiffs seek all communications related to those Events.

The request continues to be overbroad and disproportionate.  To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

5. Plaintiffs seek all event presentations made by the Third Party (the content of which are directly at issue in the action) at any Event, and any and all communications specifically related to those presentations. These communications should, and must, include any review of Event presentation materials done by Herbalife; as well as any interaction with other Herbalife local leadership regarding STS presentations.

The request continues to be overbroad and disproportionate.  To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

6 & 7.  Plaintiffs request the aggregate "Online Statement" as available to each Third Party via BizWorks. This Online Statement contains the "Production Bonus Statement" and "Commission Statement" — detailing the Third Party's royalty overrides and production bonuses respectively and describing the contribution made to each by the Third Party's downline distributors. These are standard statements available on BizWorks and will not be burdensome to produce. Plaintiffs have requested the same information from Herbalife and its production is subject to a pending Motion to Compel Production; if Plaintiffs' Motion is granted as to any of the Third Parties this request will be dropped.

We stand on the objections stated in the Responses and Objections.

8. Herbalife represents that income claims made at Events are substantiated by the company. Please produce documents related to the Third Party's efforts at such substantiation.

The request continues to be overbroad and disproportionate.  To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

9. Entities receiving revenue from the sale of event tickets, and those entities connection to

Herbalife, and to the Third Parties, are directly relevant to Plaintiffs' allegation that multiple parties particiapted in an association-in-fact RICO enterprise.

We stand on the objections stated in the Responses and Objections.

10 & 11. According to Herbalife's Rules of Conduct, President's Team downlines can be held by corporations as opposed to individuals; the alleged success of these corporations and individuals makes up the grist of the Event content. The Circle of Success enterprise consists of a web of connected entities collecting and processing the proceeds of event attendance. Please produce documents identifying these companies and the places and manner in which they were registered.

We stand on the objections stated in the Responses and Objections.

12. Plaintiffs seek documents sufficient to identify the existence of any merchant accounts used to process Event ticket sales. This is a limited and reasonable request.

We stand on the objections stated in the Responses and Objections.

13. While speaking at Events, Third Parties (and other high level Herbalife distributors) emphasize the importance of using private groups on social media to promote the Circle of Success and the Herbalife business opportunity. Please produce the content records for the two private groups to which the Third Party is most likely to contribute.

To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

14. Plaintiffs limit this request to chats or text threads including multiple individuals and in which Events were promoted or discussed. If a particular Third Party participates in many such threads, Plaintiffs will work with counsel to narrow the request to something manageable.

To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

15. Plaintiffs limit their request to all video in which Events were promoted, or in which Event content was captured.

To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

16. Circle of Success Event speakers repeatedly admonish the audience on the importance of diligent note taking during Events, and hold out that they themselves are diligent note takers. Event journals are given to Event qualifiers and Event speakers frequently reference the importance of reviewing

these journals in the day, or even years, after the Event. Please produce these Event journals for, at least, the four year prior to the filing of this action.

The request continues to be overbroad and disproportionate.  To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

17 & 18. Many/most of the Third Parties host online conferencing events that are used to promote the importance of event attendance to members of their downline organizations. These conferencing events are often recorded and made available for replay. Please produce any such conferencing events, or communications promoting such events, within the custody or control of each Third Party.

The request continues to be overbroad and disproportionate.  To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

19. The term "all other contracts" is not vague. Each of the Third Parties is, presumably, subject to at least one executed Herbalife distributor agreement. That document is easily accessible via myherbalife.com [myherbalife.com]. Please produce this contract along with any other contract to which both Herbalife and the Third Party are party.

We believe these are documents you should be able to obtain from Herbalife, who is party to the case.  If you cannot obtain them from Herbalife, and to the extent our clients are in possession of their distributor agreements or any other agreement with Herbalife relating to events, we will obtain and produce.

20. The parties have agreed to a list of search terms to narrow the scope of the request for social media postings. Social media is the primary tool by which Events are promoted and sold and their relevance to the claims at issue is indisputable. Please produce posts consistent with the previous agreement between the parties.

The request continues to be overbroad and disproportionate.  To the extent we agree with respect to certain of the third-party witnesses to follow an ESI protocol similar to that previously implemented, and these records are captured by the agreed-upon search terms, then these records will be produced.  Otherwise, we stand on our objections.

 21 & 22. Testimonials about the alleged success attained by Top Distributors in pursuit of the Herbalife business opportunity, and how they allege they achieved such success, make up the majority of Circle of Success Event content. Plaintiffs have alleged that Herbalife's Top Distributors present a false narrative regarding their success and documents responsive to these two requests are obviously relevant to those allegations.

We stand on the objections stated in the Responses and Objections.

Please let me know asap if you intend to produce the responsive documents listed above.

Thanks,
Jennifer

**CONFIDENTIALITY NOTICE:** This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.